# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA,
# WESTERN DIVISION

IN RE:                                                                                             BK 07-71499-CMS-7

**TONY LYNN BROWN,**

**DEBTOR**

## MEMORANDUM OF DECISION

This matter came before the court on a Motion to Extend Filing Deadline (BK Doc. 26) filed by Listerhill Credit Union (Credit Union). After the deadline time to file §§ 523 and 727 complaints had passed, the Credit Union asked the court to use its equitable powers to extend the filing deadline on its behalf. The court finds that cause does not exist to extend the complaint deadline under 11 U.S.C. § 105(a).

## FINDINGS OF FACT

Debtor filed a Chapter 7 bankruptcy petition on August 29, 2007, with the Credit Union listed as a creditor (BK Doc. 1). The court notified the Credit Union of the § 341 meeting, scheduled for September 24, 2007, and of the November 26, 2007 deadline for filing §§ 523 and 727 complaints (BK Doc. 06). For purposes of this opinion, the court will accept the facts as stated in the Credit Union's brief.

At the § 341 meeting, the Credit Union unsuccessfully attempted to ascertain the location of its collateral from the debtor (Creditor's Brief, BK Doc. 31, p. 1). Over the following sixty days, the

1

Credit Union failed to timely communicate with the court any intention of filing a §§523 or 727 complaint or of requesting an extension of the filing deadline.

On October 29, 2007, the bankruptcy administrator filed a Motion to Extend the Deadline for filing §§ 523 and 727 Complaints (BK Doc. 20). The administrator's motion was based on the belief that the meeting of creditors had not been held. However, the meeting of creditors had been held, and the Credit Union had attended it and questioned the debtor. The court scheduled the motion to be heard on November 20, 2007 (BK Doc. 21). The Credit Union failed to appear at the hearing where the administrator withdrew his motion based on the fact that the meeting of creditors had been held. (BK Doc. 25). On November 26, 2007, the date of the filing deadline, the court entered an order withdrawing the administrator's motion (BK Doc. 25). The following day, the Credit Union filed its Motion to Extend the Filing Deadline (BK Doc. 26).

## JURISDICTION

Jurisdiction is referred to this Bankruptcy Court under 28 U.S.C. § 157(a) by the General Order of Reference of the United States District Courts for the Northern District of Alabama, signed July 16, 1984, as amended July 17, 1984. The court has jurisdiction over this matter, a core proceeding under 28 U.S.C. § 157(b)(2)(J), pursuant to 28 U.S.C. § 1334(b).

## ISSUE

Whether excusable neglect or the court's equitable powers under 11 U.S.C. § 105(a) permit the court to grant a motion to extend the filing deadline for §§ 523 and 727 complaints filed after the Rules 4004, 4007 deadline has passed.

## CONCLUSIONS OF LAW

The Credit Union presented two legal arguments to support an extension of the filing

2

deadline: excusable neglect and equitable powers. The Credit Union's excusable neglect argument requested the court to ignore the Federal Rules of Bankruptcy Procedure, Rules 4004(a) and 4007(c), but provided no statutory or case law support. The Credit Union's equitable powers argument stated that either the debtor's conduct or the Credit Union's reliance on the administrator's motion permits the court to exercise its § 105(a) equitable powers to extend the filing deadline.

**I. Whether excusable neglect permits the court to extend the filing deadline.**

Under the Federal Rules of Bankruptcy Procedure, Rules 4004(a) and 4007(c), complaints objecting to discharge and/or dischargeability must be filed within sixty days of the first date of the § 341 meeting. The purposes of Rules 4004(a) and 4004(b) [and 4007(c)] are to inform the objecting creditor of the time to file a complaint, to instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements, and to afford the debtor an affirmative defense to a complaint filed outside the limit. *Kontrick v. Ryan*, 540 U.S. 443, 456, 124 S. Ct. 906, 916, 157 L. Ed. 2d 867, 880 (2004).

The court is unwilling to extend the filing deadline for objections to discharge and/or dischargeability under Rules 4004(a) and 4007(c) on the grounds of excusable neglect, with no statutory or case law foundation. *See Gandara v. Bitterroot Rock Products (In re Gandara)*, 257 B.R. 549, 552 (Bankr. D. Mont. 2000). The court in *Irving Federal Savings and Loan Assoc. v. Billings (In re Billings)*, 146 B.R. 431, 436 (Bankr. N.D. Ill. 1992) held that the deadline for filing objections to discharge could not be extended on excusable neglect grounds. To allow an extension under the circumstances would undermine the purposes of Rules 4004 and 4007. Therefore, the Credit Union's argument for excusable neglect must fail.

**II. Whether the debtor's conduct permits the court to exercise 11 U.S.C. § 105(a) equitable**

3

**powers to extend the filing deadline.**

Case law referring to the equitable powers of bankruptcy courts limits its use to the legal boundaries of the Bankruptcy Code. In *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 969 (1988), the Supreme Court stated that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." This court has interpreted § 105(a) to "authorize the court to issue orders implementing provisions of the Bankruptcy Code, [but] it does not empower the court to change the Bankruptcy Code..." *In re Roland Pugh Construction, Inc.*, 2007 Bankr. LEXIS 515 at 10 (Bankr. N.D. Ala. 2007). *See also Securities and Exchange Com'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434 at 455, 60 S.Ct. 1044 at 1053 (1940) ("A bankruptcy court is a court of equity... and is guided by equitable doctrines and principles except in so far as they are inconsistent with the Act"); *Hemar Insurance Corp. of Amer., et al. v. Cox (In re Cox)*, 338 F.3d 1238 at 1243 (11th Cir. 2003) (where the court held that a bankruptcy court's equitable powers do not allow it to override the specific statutory language found in § 523(a)(8)); *In re Transit Group, Inc.*, 286 B.R. 811 at 815 (Bankr. M.D. Fla. 2002) (finding that § 105(a) cannot be used to authorize any relief that is prohibited by another provision of the Code); *In re Billings*, 146 B.R. at 437 (holding that the court has no discretion under § 105 to extend the deadline for filing a § 727 complaint).

Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

4

The statute allows a bankruptcy court, as a court of equity, to exercise its equitable powers in accordance with the Bankruptcy Code and allows the court to take any action necessary or appropriate to regulate court orders, rules, or to prevent an abuse of process. For the court to consider the Credit Union's argument under the statutory language, an extension of the filing deadline must either (1) be necessary or appropriate to carry out the provisions of the Bankruptcy Code, or (2) must constitute a necessary or appropriate action or determination to prevent an abuse of process.

Under the first prong of § 105(a), extending the filing deadline would not be necessary or appropriate to carry out the provisions of the Bankruptcy Code. Rule 4007(c) provides, "A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)... the court may for cause extend the time fixed under this subdivision. *The motion shall be filed before the time has expired*." (Emphasis added.) Furthermore, Rule 4004(b) provides, "On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. *The motion shall be filed before the time has expired*." (Emphasis added.) Indeed, extending the deadline would violate the provisions of the Code.

Under the second prong of § 105(a), the Credit Union asserts that the filing deadline should be extended to prevent an abuse of process. Although the court finds the debtor's conduct irresponsible, to say the least, courts have usually interpreted a § 105(a) "abuse of process" as a mistake made by the court. *See e.g., Marshall v. Demos (In re Demos)*, 57 F.3d 1037 (11th Cir. 1995); *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir. 1994); *Anwiler v. Patchett, et al. (In re Anwiler)*, 958 F.2d 925 (9th Cir. 1992); *Donegal Mutual Insurance Co. v. Watkins, et*

*al. (In re Watkins)*, 365 B.R. 574 (Bankr. W.D. Penn. 2007).

In *In re Demos*, the court examined whether a creditor's adversary complaint had been timely filed. The bankruptcy court had set February 8, 1993, as the deadline for filing complaints objecting to discharge and/or dischargeability. *In re Demos*, 57 F.3d at 1038. However, because debtor's attorney was unable to attend the Rule 2004 examination, the parties joined in the trustee's motion, on January 12, to extend the filing deadline. On January 19, the bankruptcy court granted the motion and extended the deadline until March 15, 1993. Moreover, on January 21, creditor filed a Notice of Adoption and Concurrence with Trustee's Motion to Extend the Times for Filing Complaints to Determine Dischargeability and Objecting to Discharge. On March 15, within the extended filing deadline, creditor filed his adversary complaint. In response, debtor filed a motion to dismiss creditor's complaint as untimely, which the court granted. On appeal, the Eleventh Circuit found that parties may reasonably rely on a bankruptcy court order extending the filing deadline as to all creditors. Therefore, the court held that the bankruptcy court should have exercised its § 105 equitable powers to allow the creditor's complaint to stand. *In re Demos*, 57 F.3d at 1038-40.

Unlike the creditor in *In re Demos*, who joined the trustee's motion and who filed a Notice of Adoption and Concurrence with Trustee's Motion, the Credit Union failed to timely place on the record an intention to extend the filing deadline. Moreover, unlike the court in *In re Demos*, which granted the motion to extend the deadline as to all creditors, this court never granted a motion to extend. Thus, *In re Demos* is distinguishable from the case at bar.

The Credit Union's reliance on the bankruptcy administrator's motion is not grounds to invoke § 105(a). The motion was properly served on the Credit Union, who failed to appear at the hearing and to ascertain that the motion had been withdrawn. On the day of the filing deadline, the

6

court entered an order showing that the motion was withdrawn and served it on all creditors. Even if the Credit Union did not receive notice of the order until the following day, § 105(a) does not allow a court to violate the provisions of the Bankruptcy Code where the Credit Union neglected to indicate an intention to file an appropriate complaint within the statutory time frame.

In *In re Gallagher*, 70 B.R. 288 (Bankr. S.D. Tex. 1987), the court examined whether a creditor could rely on a trustee's timely filed motion to extend the filing deadline for a motion to deny discharge. The § 341 meeting took place on July 27, 1986; on September 15, the trustee filed a motion to extend the filing deadline. *In re Gallagher*, 70 B.R. at 289. At the December 19 hearing on the motion, the creditor announced that he wished to join in the trustee's motion, which the trustee had failed to pursue. The court found that a trustee's motion for extension under Rule 4004(b) will not extend such time for any other party in interest. *In re Gallagher*, 70 B.R. at 290 (citing *In re Floyd*, 37 B.R. 890 (Bankr. N.D. Tex. 1984); *In re Tatum*, 60 B.R. 335 (Bankr. D. Colo. 1986); *In re Ortman*, 51 B.R. 7 (Bankr. S.D. Ind. 1984)). Therefore, the court denied the creditor's untimely motion. *In re Gallagher*, 70 B.R. at 290.

Similar to the creditor in *In re Gallagher*, the Credit Union failed to timely request an extension of the filing deadline. Moreover, like the trustee in *In re Gallagher*, who filed a motion but chose not to pursue it, the administrator withdrew his motion.

Because an extension of the filing deadline is neither necessary nor appropriate to carry out the provisions of the Bankruptcy Code and is not necessary to prevent an abuse of process under § 105(a), this court will not use its equitable powers to extend the filing deadline.

## CONCLUSION

Because the argument for excusable neglect has no statutory or case law support and because

7

no abuse of process exists for the court to invoke § 105(a) equitable powers, the Credit Union's Motion to Extend the Filing Deadline is DENIED.

**DONE and ORDERED** this March 14, 2008.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge